# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AREA RENO HOTEL, LLC,

    Plaintiff,

v.

VAMSIKRISHNA P. BONTHALA, *et al.*,

    Defendants.

Case No. 2:11-CV-00617-KJD-CWH

**ORDER**

    Before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to FRCP 60(b)(1) (#21). Plaintiff has filed a Notice of No Opposition (#22).

    The Complaint (#1) in this matter was filed on April 20, 2011. Defendants moved to dismiss (#11). After the Court granted several extensions of time to file an opposition, Defendant still failed to oppose the Motion to Dismiss. On September 2, 2011, this Court entered an Order (#19) granting Defendants' Motion based Plaintiff's failure to respond pursuant to Local Rule 7-2(d). Plaintiff filed this Motion seeking relief from that Order. Plaintiff then filed a Notice indicating that Defendants had not responded and argued that the Motion for Relief should be set aside pursuant to Local Rule 7-2(d).

1    Rule 60 of the Federal Rules of Civil Procedure provides a means for a party seeking relief
2 from a judgment or order.  According to Rule 60(b), a party may submit a motion for the court to
3 relieve the party, or a party's legal representative "from a final judgment, order, or proceeding for the
4 following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other
5 reason that justifies relief."  Fed. R. Civ. P. 60(b)(1),(6).
6    Eric D. Hone represents Plaintiff.  Mr. Hone was co-counsel in trial during the period that
7 Plaintiff's response was originally due.  After requesting and receiving several extensions, the Court
8 ordered a response by August 29, 2011 (#17).  Although his trial had concluded by August 29, Mr.
9 Hone was out of state attending to another case.  On that day Mr. Hone wrote to opposing counsel
10 and requested a one week extension.  He concluded his e-mail by saying "[l]et me know if that is not
11 agreeable." (Motion at Exh. 1.)  Defendants' counsel responded and sought a time to discuss the case
12 with Mr. Hone, but did not specifically object to the one week extension.  According to Mr. Hone,
13 his only failure was that he "neglected to inform the Court of the parties' agreement and the reasons
14 for such an extension."
15    The Motion for Relief and the accompanying Affidavit of Mr. Hone, argues that his neglect
16 was excusable under the holding of Pioneer Investment Services Co. v. Brunswick Assocs., 507 U.S.
17 380, 394 (1993).  There the Court held that in assessing excusable neglect, courts should consider:
18 (1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect; (3) the
19 reason for the delay; and (4) whether the movant acted in good faith.  Mr. Hone also attempts to
20 argue in his Notice of No Opposition that Local Rule 7-2(d) – the very rule from which Mr. Hone
21 seeks relief –  should operate against Defendants since they did not respond to the Motion for Relief.
22    Mr. Hone and others from his firm are frequent litigants in this Court.  The Court expects a
23 higher standard of practice than that exhibited here.  However, the Court sees little danger of
24 prejudice to Defendants if the requested relief is granted.  Mr. Hone has demonstrated that he
25 communicated with opposing counsel on the issue.  Further, there is no indication that Mr. Hone
26 acted in bad faith.  Accordingly, the Court finds that relief under Rule 60(b) is appropriate.

1  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment
2  Pursuant to FRCP 60(b)(1) (#21) is **GRANTED**.
3  **IT IS FURTHER ORDERED** that the Court's September 9, 2011Order Granting Motion to
4  Dismiss for Lack of Subject Matter Jurisdiction (#19) is **VACATED**.
5  **IT IS FURTHER ORDERED** that Plaintiff is ordered to respond to Defendants' Motion to
6  Dismiss by November 14, 2011.
7  DATED this 24th day of October 2011.

Kent J. Dawson
United States District Judge