# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AREA RENO HOTEL, LLC,

    Plaintiff,

v.

VAMSIKRISHNA P. BONTHALA, *et al.*,

    Defendants.

Case No. 2:11-CV-00617-KJD-CWH

**ORDER**

    Before the Court is Defendants Vamsikrishna P. Bonthala *et al.*'s Motion to Exclude the Testimony of Eugene Peterson (#59). Plaintiff opposed (#60) and Defendants replied (#63).

<u>I. Background</u>

    Area Reno Hotel, LLC ("ARH") is the successor-in-interest to Ascent Mezzanine REIT, Inc. ("Ascent"). ARH currently owns and operates the Holiday Inn hotel in Sparks, Nevada around which this litigation centers. Defendants are members of TNG Sparks ("TNG"). In 2007, TNG purchased an existing hotel in Sparks, Nevada, intending to convert the hotel to a Holiday Inn. Ascent loaned TNG nearly fifteen million dollars for the renovation. Defendants guaranteed the "full, complete and punctual observance, performance and satisfaction of all of the obligations, duties and covenants and agreements of [TNG] under the Loan Agreement and the other Loan Documents with respect to the construction and completion of the Immediate Repairs, Environmental Repairs and Capital

Improvements." Renovations occurred for approximately one year, from summer of 2007 through summer or fall of 2008. In January of 2009, Holiday Inn notified TNG that the renovation requirements had been satisfied. TNG then operated the hotel as a Holiday Inn until June 2010 when a receiver took possession of the hotel.

This action, alleging that the renovations were either not performed, or performed so poorly as to require substantial repair was brought in April of 2011. Eugene Peterson ("Peterson") and his team from Advise & Consult, Inc. were hired by ARH for the purpose of this litigation. Peterson and his team interviewed various employees and inspected the site in February and April 2013.

II. Legal Standard

This Motion is governed by Federal Rule of Evidence 702 and the Daubert standard. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589-93 (1993); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999). However, it must be noted that this standard is "flexible" and trial courts have broad discretion in its application. Id. In the Ninth Circuit, a trial court's inquiry under Rule 702 or Daubert has been summarized as follows: 1) whether the opinion is based on scientific, technical, or other specialized knowledge; 2) whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue; 3) whether the expert has appropriate qualifications, meaning some special knowledge, skill, experience, training, or education on the subject matter; 4) whether the testimony is relevant and reliable; 5) whether the methodology or technique the expert uses "fits" the conclusions; 6) whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time. United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

III. Analysis

Defendants Motion to exclude Peterson's testimony is based on three contentions. First, Defendants contend Peterson's testimony ignores substantial documentary evidence which was produced contemporaneously with the renovations at issue here (#59; 3:12-24). Second, Defendants contend that Peterson's testimony is unhelpful as it is based on 1) interviews with employees and 2)

an inspection of the property which occurred four years after the renovations, and "several" years after the property had been under new management. Third, that Peterson is "not qualified to opine about the costs of any of the renovations," largely because Peterson has not explained the basis for his estimates, relying on Xactimate software (#59; 4:15-24). The Court will address each contention in turn.

At the outset, the Court notes that an expert will almost certainly be helpful to a jury in evaluating the quality and performance of hotel renovations, as well as the cost to repair or perform them. This is particularly true where latent or concealed defects such as thinned paint or improperly laid carpet are at issue (#60; 18:5-6). The Court also notes that Peterson and his colleagues have appropriate qualifications.

Turning to the first ground for exclusion, the Court agrees with Defendants that the documentary evidence created contemporaneously with the renovations are relevant evidence, and Peterson's failure to address these documents undercuts his testimony. However, rather than making his testimony irrelevant or unreliable, Peterson's conduct merely provides grounds for attacking the weight of his testimony at trial. To be clear, Peterson's testimony is based on specialized knowledge, its probative value is not substantially outweighed by prejudice or other concerns, and his methodology "fits" his conclusions. Accordingly, Peterson's testimony survives Rule 702 and Daubert analysis on this ground.

Turning to the second ground, the Court agrees with Defendants that site inspection years after the renovations were performed undercuts the credibility and weight of any testimony regarding the original state of the renovations. The Court further agrees with Defendants that adopting the testimony of employees without further and independent evidence similarly undercuts the credibility and weight of Peterson's testimony. However, until time travel becomes possible, after-the-fact site inspections and employee interviews are the only means of investigating complaints such as this one. Further, such weaknesses go to the weight of the evidence, and not its admissibility. As above, and for the same reasons, Peterson's testimony survives Rule 702 and Daubert analysis on this ground.

Turning to the third and final ground, the Court cannot agree with Defendants that Peterson is unqualified to opine regarding the costs of renovations. Having substantial experience and qualifications in the construction, Peterson is qualified to opine regarding these costs. Defendant's objections to Peterson's methodology may bear fruit, especially as to the calculation of lost profits, but they must do so at trial. As above, and for the same reasons, Peterson's testimony survives Rule 702 and <u>Daubert</u> analysis on this ground.

IV. Conclusion

Accordingly, Defendant's Motion to Exclude the Testimony of Eugene Peterson (#59) is **HEREBY DENIED**.

DATED this 17th day of October 2013.

_____
Kent J. Dawson
United States District Judge