# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AREA RENO HOTEL, LLC,

    Plaintiff,

v.

VAMSIKRISHNA P. BONTHALA, *et al*.,

    Defendants.

Case No. 2:11-CV-00617-KJD-CWH

**ORDER**

    Before the Court is Defendants' Motion to Strike Declaration of Hal Peterson (#66). Plaintiff has opposed (#68) and Defendants have replied (#70). Defendants argue that Hal Peterson's ("Peterson") declaration should be struck pursuant to Rule 56(e) as Peterson allegedly lacks personal knowledge. This motion is nested within the larger context of a motion for summary judgment (#55) and counter-motion for partial summary judgment (#62). The resolution of this motion will have substantial impact on the resolution of these underlying motions.

I. Legal Standard

    Rule 56 governs motions for summary judgment. Fed. R. Civ. P. 56. Subsection (e) provides various options to the court when a party fails to properly support or address a fact. The court may provide an opportunity to remedy the failure; consider the fact undisputed for the purposes of the motion; grant summary judgment if warranted; or issue any other appropriate order. Fed. R. Civ. P. 56(e). At bottom, the courts are afforded broad discretion in dealing with such deficiencies.

    Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

///

II. Analysis

Defendants make three arguments against the admissibility of Peterson's testimony. The Court will address each in turn.

A. Peterson's Testimony is Immaterial

Defendants asserts that Peterson's testimony is immaterial because Peterson lacks personal knowledge of "*any facts material to this dispute*–namely, the PIP requirements, the Loan Agreement and Guaranty requirements with respect to the Hotel renovations, and the specific work TNG Sparks performed . . . ." (#70; 3-4). Defendants' argument borders on bad faith.

While Peterson may have no knowledge of the items listed above, the fundamental question in this action is whether the required improvements were competently completed. Accordingly, the renovation requirements are only half of the evidence. The other half concerns the physical evidence at the hotel property of what was left undone, or what was done so poorly that it required substantial repair or other work. As the general manager of the property during the final months of renovation, and continuing throughout the following years, Peterson is ideally situated to present competent evidence as to what was done or undone, and as to what renovations were done so poorly as to require premature repair or replacement. This is particularly true as shoddy workmanship often appears only after the passage of time. Peterson's testimony is quite material.

B. Peterson Lacks Personal Knowledge

Defendants argue that Peterson lacks personal knowledge because he was hired in September 2008, and renovations were "substantially completed" by November 2008. As noted above, this means that Peterson, as general manager of the property, was in place for the final months of renovation and throughout the following years when incomplete or insufficient workmanship would present itself. Accordingly, this argument lacks merit, and again, borders on bad faith.

Defendants further argue that Peterson lacks personal knowledge because he uses the terms "I am informed," "it is my understanding," "I also learned," and "it was discovered," in his affidavit. Defendants assert that such language demonstrates a lack of personal knowledge. The Court

disagrees, especially in the context of a motion for summary judgment. Defendants' recourse is to ensure proper foundation for testimony given at trial.

### C. Peterson's Testimony is Expert Testimony

Defendants assert that Peterson's testimony that the pool paint used was "not designed for pool use" and that "there was a superficial renovation of the front porte cochere" constitutes undisclosed and inadmissible expert testimony. However, it is entirely possible that such statements are permissible. Defendants concede that inferences or statements of belief are permissible so long as they are based on personal knowledge and have a factual foundation. (#70; 4:24-26). It appears to the Court that these conclusions may be based on Peterson's personal observations of the failure of the paint and the porte cochere respectively. Accordingly, it appears plausible to the Court that this testimony is permissible. Defendants, having failed to depose Peterson, are unable to provide the Court with sufficient information to warrant striking Peterson's testimony. Defendants' sole remedy is to challenge the testimony at trial.

### III. Conclusion

The parties are reminded of their obligations–and the potential penalties–under Rule 11 for arguments made for an improper purpose, or that are otherwise frivolous. Continued abuse of the legal system and the resources of the Court will not be tolerated.

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Declaration of Hal Peterson (#66) is **DENIED**.

DATED this 26th day of November 2013.

_____
Kent J. Dawson
United States District Judge

3