UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AREA RENO HOTEL, LLC,

    Plaintiff,

v.

VAMSIKRISHNA P. BONTHALA, *et al.*,

    Defendants.

Case No. 2:11-CV-00617-KJD-CWH

**ORDER**

    Before the Court is Defendants' Motion for Summary Judgment (#55). Plaintiff opposed (#61) and Defendant replied (#65). Also before the Court is Plaintiff's Countermotion for Summary Judgment (#62).

I. Background

    Area Reno Hotel, LLC ("ARH") is the successor-in-interest to Ascent Mezzanine REIT, Inc. ("Ascent"). ARH currently owns and operates a Holiday Inn in Sparks, Nevada around which this litigation centers. Defendants are members of TNG Sparks ("TNG"). In 2007, TNG purchased an existing hotel in Sparks, Nevada, intending to convert the hotel to a Holiday Inn. Ascent loaned TNG nearly fifteen million dollars for the renovation. Defendants guaranteed the "full, complete and punctual observance, performance and satisfaction of all of the obligations, duties and covenants and agreements of [TNG] under the Loan Agreement and the other Loan Documents with respect to the

construction and completion of the Immediate Repairs, Environmental Repairs and Capital Improvements." Renovations occurred for approximately one year, from summer of 2007 through summer or fall of 2008. In January of 2009, Holiday Inn notified TNG that the renovation requirements had been satisfied. TNG then operated the hotel as a Holiday Inn until June 2010 when a receiver took possession of the hotel. This action, alleging that the renovations were either not performed, or performed so poorly as to require substantial repair was brought in April of 2011.

II. Summary Judgment Standard

     Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

     All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without

2

more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson</u>, 477 U.S. at 248. However, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> (internal citations omitted).

III. Analysis

    A. Breach of the Guaranty

"Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning. Interpretation of a contract is a matter of law, including whether the contract is ambiguous." <u>United States v. King Features Entm't, Inc.</u>, 843 F.2d 394, 398 (9th Cir. 1988). Defendants acted as guarantors in this case. The relevant contractual language is as follows:

    1. Guarantor, absolutely, unconditionally, and irrevocably guarantees:

        (a) the full, complete and punctual observance, performance and satisfaction of all of the obligations, duties, covenants and agreements of Borrower under the Loan Agreement and the other Loan Documents with respect to the construction and completion of the Immediate Repairs, Environmental Repairs and Capital Improvements, free of any claim for mechanics', materialmen's or any other liens, and in accordance with (1) all Laws, (2) the Plans and (3) the time periods and other requirements set forth in the Loan Documents, including, without limitation, the following:

        (i) To perform, complete and pay for (or cause to be performed, completed and paid for) the construction of the PIP Improvements and Replacements (collectively, the "Construction") and to pay all costs of said Construction (including any and all cost overruns) and all other costs associated with the PIP Improvements and Replacements (including, without limitation, the costs of any architects' and engineers' fees), if Borrower shall fail to perform, complete or pay for such work, including any sums expended in excess of the amount of indebtedness incurred by Borrower under the Loan Agreement or with

3

respect to the Loan, whether or not the Construction is actually completed;

(#61, Ex. 4-F at pp. 2-3).

The Guaranty is quite clear: Defendants guaranteed the performance, completion, and payment for the construction of the Property Improvement (Plan "PIP") Improvements. Defendants have not directed the Court to any language which would alter this obligation, or to allow for PIP Improvements to be defined other than by the Property Improvement Plan. Further, following the Court's own review of these documents, no such verbiage is apparent. Accordingly, as the contract is unambiguous, Defendants are responsible for performing, completing, and paying for the construction of the PIP Improvements as detailed in the PIP. Defendants have failed to show that there is no dispute of material fact regarding whether or the degree to which they breached the Guaranty, making summary judgment for Defendants inappropriate. Further, Defendants' argument that no admissible evidence has been presented by Plaintiff is meritless in light of the Court's order denying the motion to strike Hal Peterson's declaration (#71).

### B. Affirmative Defenses

Defendants claim that they are entitled to summary judgment on the bases of 1) Plaintiff's failure to mitigate damages, 2) waiver, 3) estoppel, and 4) laches.

#### i. Failure to Mitigate

Defendants all signed the Guaranty which states

> All of the remedies set forth herein and/or provided for in any of the other Loan Documents or at law or equity shall be equally available to Lender, and the choice by Lender of one such alternative over another shall not be subject to question or challenge by Guarantor or any other person, nor shall any such choice be asserted as a defense, setoff, or failure to mitigate damages. . . .

(#61, Ex. 12; 4).

The Guaranty further provides that it "is an absolute, present and continuing guaranty of performance and completion . . . . Guarantor hereby waives any right to require Lender . . . to

4

1  pursue any other remedy or enforce any other right." (#61, Ex. 12; 6). Accordingly, the Court finds

2  that Defendants have waived the affirmative defense of failure to mitigate.

3  ///

4  ///

### ii. Waiver

"Waiver is the voluntary or intentional relinquishment of a known right." <u>Purney v. Reliastar Life Ins. Co.</u>, 681 F. Supp. 2d 1262, 1269 (D. Nev. 2010). Further, waiver may be "implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive a right." <u>Prime Ins. Syndicate, Inc. v. Damaso</u>, 471 F. Supp. 2d 1087, 1098 (D. Nev. 2007). Demonstrating waiver is even more difficult in a motion for summary judgment, where all inferences must be drawn in favor of the non-moving party. The Court finds that Plaintiff's conduct in taking ownership of the property is not indicative of an intention to waive a right. Accordingly, Defendants have failed to meet their burden of showing that no genuine issue of material fact remains as to waiver.

### iii. Estoppel

In Nevada, estoppel requires four elements:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

<u>In re Harrison Living Trust</u>, 121 Nev. 217, 223 (2005).

As is clear from the above elements, estoppel requires a detailed factual inquiry, making it poorly suited for summary judgment. Further, rather than undertake analysis using the elements as listed above, Defendants merely argue that they are prejudiced by having to defend against claims stemming from conduct which occurred approximately four years ago. The Court finds the following: it is unclear when Plaintiffs were apprised of the true facts; it is unclear what conduct Plaintiff intended Defendants to act upon; it is

unclear whether Defendants were ignorant of the true state of facts; it is unclear whether or how Defendants relied to their detriment, or on what conduct. The Court finds that Defendants have not met their burden of showing that there is no genuine issue of material fact as to estoppel.

### iv. Laches

"Laches is an equitable doctrine which may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable." Bldg. & Const. Trades Council of N. Nevada v. State ex rel. Pub. Works Bd., 108 Nev. 605, 610-11 (1992). "Especially strong circumstances must exist to sustain the defense of laches when the statute of limitations has not run." Lanigir v. Arden, 82 Nev. 28, 36 (1966). In Nevada, contract claims must be brought within six years. Nev. Rev. Stat. § 11.190(1)(b). The renovations were not substantially completed until late in 2008, and suit was filed in 2011, well within the statute of limitations. In fact, even if Plaintiff only now filed its claim, it would still be within the statute of limitations. Accordingly, "especially strong circumstances" are required for the defense of laches to be sustained. This burden is even more difficult on motion for summary judgment, where all inferences must be drawn in favor of the non-moving party. The Court finds that no "especially strong circumstances" exist here, and that it is at most unclear whether Plaintiffs unduly delayed their action. Accordingly, summary judgment is impermissible on this affirmative defense.

### C. Declaratory Relief

The Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Plaintiff's Countermotion for Summary Judgment (#62) petitions the Court to declare that Defendants are responsible for the terms of the Guaranty and award "the funds necessary to fully repair and renovate the property as outlined in the loan documents" under 28 U.S.C. §

2201. However, this argument is moot insofar as it asks the Court to determine that Defendants are responsible for performing, completing, and paying for the construction of the PIP Improvements as detailed in the PIP. The Court has, and Defendants are. However, it is unclear how much of the PIP was properly completed, and what funds are necessary for the fulfillment of Defendants' obligation. The dispute over these material facts is ongoing. Accordingly, no funds may be awarded at this juncture.

### D. Deficiency Judgment

Defendants assert that no deficiency judgment is permissible because Defendants did not breach the Guaranty. Rather than being an undisputed fact, whether and to what extent Defendants breached the Guaranty is a question that sums up the entire dispute now before the Court. Accordingly, summary judgment is not permissible on this ground. Further, Defendants' argument that no admissible evidence has been presented by Plaintiff is meritless in light of the Court's order denying the motion to strike Hal Peterson's declaration (#71).

### IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#55) is **DENIED**.

Further, given the Court's ruling above that Defendants are responsible for performing, completing, and paying for the construction of the PIP Improvements as detailed in the PIP, and that no funds may be awarded at this juncture, **IT IS FURTHER ORDERED** that Plaintiff's Counter Motion for Partial Summary Judgment (#62) is **DENIED** as moot.

DATED this 27th day of November 2013.

_____
Kent J. Dawson
United States District Judge